**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Global Ecology Corporation,

Plaintiff

v.

Pacific Stock Transfer Company,

Defendant

Case No.: 2:15-cv-00944-JAD-VCF

**Order**

This action was removed from the Eighth Judicial District Court on May 19, 2015. Doc. 1. Prior to removal, Plaintiff Global Ecology filed an ex parte application for an order to show cause. Doc. 1-2 at 2. The state court judge granted the motion and set the matter for hearing in June. Doc. 1-2 at 43.

Obviously, the removal has resulted in the vacation of that state court hearing. *See* 28 U.S.C. s 1446(d). The question remains of what effect to give the state court's granting of the ex parte motion for order to show cause. Doc. 1-2 at 2. In this court, ex parte requests for relief must comply with Local Rule 7-5. That rule requires that the movant provide a statement showing compelling reasons why the matter cannot be submitted with notice to the other parties. L.R. 7-5.

Having reviewed the ex parte application, I do not find compelling reasons, and I thus dissolve the order granting the order to show cause. Doc. 1-2 at 43; *see also Resolution Trust Corp. v. Bayside Dev.*, 43 F.3d 1230, 1239 (9th Cir. 1994) (recognizing that, upon removal, the district court may re-examine the state court's orders); 28 U.S.C. s 1450 ("All . . . orders . . . had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court."). I recognize this information may have been omitted because the motion was submitted under the different state-court standards. Accordingly, if Global Ecology desires ex parte relief or a preliminary injunction, it should file a new motion in this court that complies with the

federal standards and local rules, and the court will rule on that motion in due course.

DATED May 21, 2015.

Jennifer A. Dorsey
United States District Judge